UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. 04-30149-MAP

DANIEL BOURQUE,          )
    Plaintiff                      )
                        )
v.                                    )
                        )
THOMAS A.  MOERLER, )
    Defendant

**MEMORANDUM OF LAW OF THE DEFENDANT, THOMAS A. MOERLER IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1.    **FACTS:**

The plaintiff's complaint seeks damages for personal inuuries arising out of a motor vehicle accident that occurred in Oxen Hill, Maryland.  This accident happened when a car occupied by the plaintiff collided with a car owned by the defendant, Thomas A. Moerler.  The identity of the operator of either vehicle is not alleged.

It is  uncontroverted that the Defendant, Thomas A. Moerler, was not the operator of the car which made contact with the plaintiff's car.

On the date of this accident, whenever it happened, and at all times material, Thomas A. Moerler, has been a resident of and citizen of Hottsville, New York

The Complaint served upon Defendant's Counsel is a State Court Complaint (Hampden County Superior Court) dated July 19, 2001.

This Federal Court Docket reveals that the State Court  Complaint was filed on August 12, 2004 in the U.S. District Court in Springfield.

**II.    ISSUE**

May the U.S. District Court for the District of Massachusette exercise personal jurisdiction over the defendant, Thomas A. Moerler, a resident and citizen of New York, who was merely the owner, and not the operator, of the vehicle allegedly involved in an accident in Oxen Hill, Maryland?

## III: ARGUMENT

The Supreme Judicial Court of Massachusetts stated in Good Hope Industries v. Ryder Scott, Co., 378 Mass. 1, 389 N.E. 2d 76, 79 (1979), the following: "Generally, a claim of personal jurisdiction over a non-resident presents a two-fold inquiry:  (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?  Jurisdiction is permissible only when both questions draw affirmative responses."

In this instance, the plaintiff has relied on the Massachusetts Long Arm Statute, G.L. c. 223A.

M.G.L. c. 223A, §3, provides, in pertinent part, as follows:  "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's causing tortuous injury by an act or omission in this Commonwealth;…"

The Defendant, Thomas A. Moerler, did not act "directly, or by an agent," causing tortuous injury by an act or omission in this Commonwealth."  All of the parties in this case agree that Thomas A. Moerle was not the operator, but only the owner, of the car that made contact with the plaintiff's car in Maryland.  The Affidavit of Thomas A. Moerle establishes this fact.

The issue of jurisdiction over a non-resident defendant raises constitutional considerations. Pennoyer v. Heff, 95U.S. 714, 24L.Ed. 565 (1878).  The governing principle is the fairness of subjecting a defendant to suit in a distant forum. Jurisdiction lies only if the non-resident defendant has such a minimum contact with the state that maintenance of the suit does not offend traditional notions of fair play and justice." International Shoe Co. v. Washington, 3226 U.S. 310 (1945). Jurisdiction may attach if the defendant has performed some act by which it purposefully avails itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws. Hanson v. Denckla, 355 US. 220- (1957).

2

In the present case, the defendant, Thomas A. Moerle, is named as a party merely because he owned a car.  It could not fairly be said that he thereby availed himself of the privilege of conducting activities within the forum state.  He is a resident of New York and to request him to defend an action in Massachusetts would impose upon him an unfair burden.

In sum, the plaintiff, who is obligated to satisfy both prongs of the twofold test under Good Hope Industries, has satisfied neither prong.  He has failed to show that his assertion of jurisdiction over Thomas A. Moerle is authorized by statute; and he has failed to show that any exercise of jurisdiction over Thomas A. Moerle under state law would be consistent with basic due process requirements mandated by the U.S. Constitution.

## III.   CONCLUSION

Accordingly, the defendant, Thomas A. Moerle, moves that the court should dismiss the Complaint.


Defendant, Thomas A. Moerler,
By his Attorneys,

AVERY DOOLEY POST & AVERY, LLP


James T. Sulllivan, Esquire
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300
BBO #559644


Joseph M. Noone
BBO#559644


3

## CERTIFICATE OF SERVICE

I, James T. Sullivan, hereby certify that I have this 2nd day of September, 2004, forwarded a copy of the foregoing document to all counsel of record by mailing same postage prepaid to:

Henry M. Downey, Esquire
1500 Main Street, Ste. 1410
Springfield, MA  01115


James T. Sullivan, Esquire
AVERY DOOLEY POST & AVERY, LLP
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300
BBO #565700


Joseph M. Noone, Esquire
BBO #559644

4